NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 11 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

21st MORTGAGE CORPORATION,

Plaintiff – Appellant,

v.

MICHAEL JONATHAN HAYES and
SHARON ELIZABETH HAYES,

Defendants – Appellees.

No. 24-3600

D.C. No.
3:23-CV-04514-JSC

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
The Honorable Jacqueline Scott Corley, District Judge, Presiding

Argued and Submitted July 10, 2025
San Francisco, California

Before: H.A. THOMAS and DE ALBA, Circuit Judges, and RAKOFF, District
Judge.**

21st Mortgage Corporation ("21st Mortgage") appeals an order of the district

court affirming a bankruptcy court's holding that the value of 21st Mortgage's

interest in the debtors' mobilehome is limited to the physical mobilehome box, and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

that it does not encompass the additional value attributable to the current location of the mobilehome. We have jurisdiction under 28 U.S.C. § 1291. "We review de novo a district court's decision on appeal from a bankruptcy court." *In re JTS Corp.*, 617 F.3d 1102, 1109 (9th Cir. 2010). We affirm.

The district court correctly applied California law in affirming the bankruptcy court's holding. "Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law." *Butner v. United States*, 440 U.S. 48, 54 (1979). Under California law, which governs the security agreement in this case, "a security interest is enforceable against the debtor . . . with respect to the collateral only if . . . [t]he debtor has signed a security agreement that provides a description of the collateral." Cal. Com. Code § 9203(b). That "description of personal or real property is sufficient . . . if it reasonably identifies what is described." Cal. Com. Code § 9108(a). Under the security agreement, 21st Mortgage had a "security interest in: The Manufactured Home, which will be located at 631 Shadow Creek Dr, San Jose, CA 95136." The security agreement further describes the collateral as the mobilehome and its "attachments, accessories, replacements and additions . . . whether added now or later[.]" Finally, the security agreement states that the "[m]anufactured [h]ome" is "personal property" and prohibits the debtors from "allow[ing it] to become a part of the real estate or to lose its status as personal property." Accordingly, the district court did not err in concluding that the value of

2

the secured interest is limited to the "manufactured home" alone because that was the sole collateral described in the security agreement.

The "replacement-value standard" and not "the foreclosure-value standard [] governs in cram down cases." *Assocs. Com. Corp. v. Rash*, 520 U.S. 953, 965 n.6 (1997); *see* 11 U.S.C. § 506(a)(2). For this reason, the district court did not err in concluding that an assessment of the collateral's present value under § 506(a)(2) of the United States Bankruptcy Code does not include any value attributable to the debtors' lease of the site in the mobilehome park. *See Rash*, 520 U.S. at 961 (explaining that 11 U.S.C. § 506(a) requires a court to first divide a secured creditor's claim "into secured and unsecured portions, with the secured portion of the claim limited to the value of the collateral"). Nor do California regulations expand the statutory definition of a secured interest to incorporate the value of the land into that of the collateral. *See id.* at 965 n.6 (explaining that the valuation should not include modifications to a property if a "creditor's lien would not extend under state law" to those modifications).

**AFFIRMED.**